[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Robert A. Clowers, appeals his conviction in the Clermont County Court of Common Pleas for driving under the influence and assault on a police officer.
On July 9, 1999, Officer Michael Hackman of the Miami Township Police Department ("MTPD") received a dispatch concerning an intoxicated person in the parking lot of a tavern near the intersection of State Route 131 and Wolfpen-Pleasant Hill Road in Clermont County, Ohio. As Officer Hackman was responding to the call, he received another dispatch that the suspect was leaving in a brown Ford Thunderbird. Officer Hackman located the vehicle and followed it south on Wolfpen-Pleasant Hill Road. The Thunderbird was weaving and traveling left of center.
Officer Hackman stopped the Thunderbird in a private drive, and Clowers, the driver, immediately exited the car. Clowers was shirtless and obviously unsteady on his feet. Officer Hackman ordered Clowers to approach the police cruiser, but Clowers challenged him. Officer Hackman did not approach Clowers, fearing Clowers might have a weapon.
Clowers fled into nearby woods, followed by two dogs that had been in the car. He was found within moments by Officer Edwin Schmid of the MTPD, who was patrolling a nearby subdivision. Clowers ran from Officer Schmid, but then turned around and challenged the officer. When Officer Schmid attempted to apprehend Clowers, a lengthy struggle ensued in which Clowers hit Officer Schmid and ordered his dogs to attack Officer Schmid. Once Clowers was handcuffed, the officers noticed a strong odor of alcohol.
Clowers was indicted on three counts: Count One, driving under the influence ("DUI") in violation of R.C. 4511.19(A)(1); Count Two, DUI in violation of R.C. 4511.19(A)(3), both first degree misdemeanors; and Count Three, assault on a police officer in violation of R.C. 2903.13(A), a fourth degree felony. A jury trial was held at which Clowers was convicted on Counts One and Three. At the sentencing hearing, Clowers was ordered to serve eighteen months in prison on Count Three, and six months local incarceration on Count One with the sentences to be served concurrently. He was fined and his operator's license suspended. Clowers appeals, raising a single assignment of error:
 THE DEFENDANT WAS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND CONSTITUTION OF OHIO AND/OR RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
In his sole assignment of error, Clowers contends that he was deprived of effective assistance of counsel because he and his trial counsel had a hostile relationship. He claims that his trial counsel failed to present testimony and evidence of his drug and alcohol use which would have mitigated his crimes.
To establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that trial counsel's performance was deficient; namely that counsel's representation fell below the objective standard of reasonable competence under the circumstances. Second, the defendant must show that, as a result of this deficiency, he was prejudiced at trial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064; Statev. Mills (1992), 62 Ohio St.3d 357, 370, rehearing denied,63 Ohio St.3d 1406, certiorari denied, Mills v. Ohio (1992),505 U.S. 1227, 112 S.Ct. 3048. Prejudice will be found only if the defendant proves that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against the defendant would have been different. There must be a probability sufficient to undermine confidence in the outcome of the case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1997), 522 U.S. 953,118 S.Ct. 376.
Any questions regarding the effectiveness of counsel must be viewed in light of the evidence against the defendant, id. at 142, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland,466 U.S. at 689, 104 S.Ct. at 2065; State v. Lytle (1976), 48 Ohio St.2d 391,397, vacated in part on other grounds, Lytle v. Ohio (1978),438 U.S. 910, 98 S.Ct. 3135. It is not the role of the appellate court to second-guess the strategic decisions of trial counsel.State v. Carter (1995), 72 Ohio St.3d 545, 558, certiorari denied, 516 U.S. 1014, 116 S.Ct. 575. Hindsight may not be used to distort the assessment of what was reasonable in light of trial counsel's perspective at the time. State v. Cook (1992), 65 Ohio St.3d 516,524-525, certiorari denied, Cook v. Ohio (1994),510 U.S. 1040, 114 S.Ct. 681.
A review of the record demonstrates that Clowers' trial counsel was not ineffective. In fact, trial counsel showed great wisdom and restraint in his representation of Clowers. Although Clowers claimed to not remember any of the events surrounding his arrest, he acted in a manner showing some coherency. The testimony of the officers involved in the case provided more than enough evidence to support the convictions. The testimony which Clowers now claims his trial counsel should have presented, that Clowers was voluntarily intoxicated and had been repeatedly so over the years, would not necessarily have aided his defense.
In any case, such information was included in the presentence investigation report given to the trial court before sentencing. At sentencing, trial counsel admitted to the hostile nature of his relationship with Clowers, but it is clear that this hostility arose out of Clowers' refusal to abide by trial counsel's advice. In fact, Clowers' contempt for his trial counsel and the proceedings in general was pointed out by the prosecutor at sentencing. It is evident that trial counsel represented Clowers as professionally and competently as he could under the circumstances.
Clowers' trial counsel was not ineffective. The assignment of error is overruled.
 _____________________ YOUNG, P.J.
WALSH and VALEN, JJ., concur.